UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| OTTILIA HERTEL, KG, | No. C 06-1226 JL |
| Plaintiff, | |
| v. | **NOTICE** |
| THOMAS R. ODERMATT, ET AL., | |
| Defendants. | |

### Background

The Court on July 24, 2006 entered its order dismissing this case with prejudice following a settlement agreement between the parties. The order provided that ". . .if any party hereto shall certify to this court, within ninety days, with proof of service thereof, that the agreed consideration for said settlement has not been delivered over, the foregoing order shall stand vacated and this cause shall forthwith be restored to the calendar to be set for trial." (Docket # 29).

### Stipulation to Amend Order of Dismissal

The Court on October 4 received the parties' stipulation to amend order of dismissal. Attorneys for Plaintiffs are Thomas R. Beer and Jennifer N. Lee, BARGER & WOLEN, LLP. Attorney for Defendants is David A. Sauers, of THE SAPIRO LAW FIRM.

The parties' stipulation to amend order of dismissal states:

> "In accordance with the Court's inherent right to enforce a settlement agreement (*see In re: City Equities Anaheim, Ltd.*, 22 F.3d 954, 957 (9th Cir. 1994), the Court shall amend the Order of Dismissal to retain jurisdiction of this Case and over the Plaintiffs and Defendants personally until March 15, 2009 to allow for the completion of performance of the Settlement Agreement entered into by the parties according to its terms and the filing of a Request for Dismissal."

(Docket # 30)

## Analysis

The *City Equities* case was a proceeding in Bankruptcy Court and the court had ongoing jurisdiction at the time of the settlement agreement and the motion to enforce it. In fact, the court's ongoing jurisdiction is expressly discussed in a portion of the decision:

> "[i]n many federal courts, the practice has developed, in lieu of a full-dressed proceeding to compel observance of a settlement agreement, of bringing the dispute on less formally for handling by the trial judge." Autera v. Robinson, 419 F.2d 1197, 1200 (D.C.Cir.1969). Thus, "[i]t is now well established that the trial court has power to summarily enforce on motion a settlement agreement entered into by the litigants *while the litigation is pending before it." Id.* This circuit also recognizes a trial court's inherent enforcement power. See, e.g., Dacanay v. Mendoza, 573 F.2d 1075, 1078 (9th Cir.1978).

*In re City Equities Anaheim, Ltd.* 22 F.3d 954, *957 (C.A.9 (Cal.),1994)(Emphasis added)

The court in the *City Equities* case had not dismissed that action, and the case was still pending before it. The decision appears to rely on the fact that the litigation must still be pending for the court to have jurisdiction to enforce a settlement agreement.

This Court has no objection to monitoring compliance with the parties' settlement agreement. However, once the dismissal was entered, an issue was created whether the Court may take back jurisdiction over the case and restore it to the court calendar, in the absence of the specific conditions described in the dismissal.

The parties are asking the Court to take back jurisdiction, even though the Court dismissed the case with prejudice unless "the agreed consideration for such settlement has not been delivered over. . ." The parties' stipulation does not contend that any aspect of the settlement has fallen through. Rather, they have entered into a settlement agreement the terms of which extend to March 15, 2009 and they ask this Court to retain jurisdiction to enforce the agreement.

1     The Court has authority, under Rule 60, Federal Rules of Civil Procedure, to amend
2 a judgment of dismissal, where a case is not on appeal, in the event of clerical error, under
3 Rule 60(a), or mistake, inadvertence, excusable neglect, newly discovered evidence, fraud,
4 etc., under Rule 60(b).

5     The Court questions its jurisdiction to grant relief from a judgment under Rule 60,
6 where there is no clerical error and no apparent mistake, inadvertence, excusable neglect,
7 newly discovered evidence or any other justification. The parties do not raise any such
8 grounds in their stipulation.

9     The parties have another option which is to leave the case as is, with a dismissal
10 with prejudice based on the settlement agreement, and then if anyone violates its terms,
11 file suit in state or federal court for breach of contract.

12     The Court awaits the parties' decision on how they wish to proceed.

13 DATED: October 30, 2006

_____
James Larson
Chief Magistrate Judge

27 G:\JLALL\CHAMBERS\CASES\TERMED\06-1226\Notice-re-30.wpd